UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-19-C**

**SCOTTSDALE INSURANCE COMPANY,**                        **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**NORMAN FLOWERS, ET AL.,**                        **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This a motion for declaratory judgment on the narrow issue of the plaintiff-insurer's obligations under the terms of an insurance policy. Because the court is asked to decide the motion on the record before it, the court reviews the motion as one for summary judgment. The court, having been duly advised, will grant the motion.[1]

**Facts:**

In October 2001, Katherine Burke sought treatment for mental-health issues at the Morton Center in Louisville. There, she was referred to Norman Flowers, a therapist employed by the Morton Center. Burke had two sessions with Flowers in October; two additional sessions during in March 2002; and a session in July 2002. Several days after this last session, Burke and Flowers began a sexual relationship, which lasted from July through August 2002. This affair has kindled the matter currently before this court.

---

[1] Defendant Flowers has not responded to the motion for declaratory judgment.

Burke sued both Flowers and the Morton Center in Jefferson Circuit Court alleging, among other things, that Flowers abused his position as a therapist. Scottsdale Insurance Company ("Scottsdale"), the plaintiff in this case, provides the Morton Center with professional liability insurance. Employees of the Morton Center are insured under the terms of the policy, "but only for acts within the scope of their employment by [the Morton Center]." Scottsdale argues that it is not obligated to extend coverage to Flowers because he was not acting within the scope of this employment when he allegedly breached his duty of care. Accordingly, Scottsdale has filed this action to clarify its obligations under the policy.

**Standard of Review:**

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp.*, 477 U.S. at 323. In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue exists only when there is sufficient "evidence

on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252).

**Analysis:**

Interpretation of an insurance policy is a question of law. *K.M.R. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. App. 2005). The contract must be enforced as written, with clear and unambiguous terms given their ordinary meaning. *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky. App. 2003). Accordingly, to determine whether Scottsdale has a duty to extend coverage to Flowers, the court must examine whether Flowers was acting within the scope of his employment when he breached his duty of care to Burke. An act is within the scope of employment where the employee is motivated – at least in part – by the desire to advance his employer's interests. *Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 2000). *See also Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005)*; Am. Gen. Life & Accident Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002). However, where the employee is driven by purely personal motives –  such as the satisfaction of his carnal desires – those acts are outside of the scope of employment. *Id.* The teachings of *Osborne* are particularly useful in analyzing this case.

In *Osborne*, a couple turned to a priest for marriage counseling. However, instead of providing the appropriate counseling, the priest began an affair with the wife. After learning of the affair, the husband sued the diocese, alleging that the diocese was liable for the conduct of its priest under the doctrine of *respondeat*

3

*superior*.[2] As with this case, the *Osborne* court recognized that the critical question was "whether the employee . . . was acting within the scope of this employment at the time of his tortious act." 31 S.W.3d at 915. Holding that the husband could not recover under the doctrine of *respondeat superior*, the court drew a distinction between the counseling – an act within the scope of his employment – and the affair. *Id.* ("It is beyond question that [the priest] was not advancing any cause of the diocese or engaging in behavior appropriate to the normal scope of his employment.") At least one other Kentucky court has invoked *Osborne* to hold that the satisfaction of one's "own sexual proclivities" is not within the scope of employment. *Hall*, 74 S.W.3d at 692.

      Burke argues that the issue before this court is not whether Flowers acted outside the scope of his employment, but whether he or the Morton Center breached a duty of care. Accordingly, she cites a battery of cases from other states to argue 1) that a therapist who participates in a sexual relationship with his patient is a tortfeasor; and 2) that an insurer may be liable for this tort under the terms of its insurance policy. Scottsdale does not deny that Flowers may be liable to Burke if, as alleged, he participated in an inappropriate relationship with her. Nor has Scottsdale asked this court to declare its obligations to the Morton Center. Rather, Scottsdale argues that it has no obligation to provide coverage for Flowers under

---

[2] The doctrine of *respondeat superior* imputes liability to an employer for the torts of an employee under certain circumstances. Before recovering under this theory, the plaintiff must prove that the employee was acting within the scope of his employment. *E.g., Osborne*, 31 S.W.3d at 915.

4

Case 3:06-cv-00019-JBC   Document 18   Filed 07/26/06   Page 5 of 6 PageID #: 718

the specific terms of its contract with the Morton Center.

The court agrees that, under certain circumstances, an insurer may have an obligation to extend coverage under a policy of insurance where a therapist has an improper sexual relationship with a patient. However, both the obligation to extend coverage and the scope of the coverage are dictated by the terms of the insurance contract. *Cf., e.g., L.L. v. Med. Protective Co.*, 362 N.W.2d 174, 176 (Wis. 1984) (finding an obligation to extend coverage where policy covered "professional services rendered or which should have been rendered"). In this case, the terms of the contract do not obligate Scottsdale to extend coverage to employees who act outside of the scope of their employment. Additionally, in Kentucky, participation in an affair is outside the scope of employment as a matter of law. *Osborne*, 31 S.W.3d at 915. *See also Hall*, 74 S.W.3d at 692. Therefore, Scottsdale does not have an obligation to extend coverage to Flowers for the matter pending in Jefferson Circuit Court, as Flowers's tortious activity, if any, was outside the scope of his employment with the Morton Center. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a declaratory judgment (DE 12) is **GRANTED**. The plaintiff, Scottsdale Insurance Company, has no duty to extend coverage to Norman Flowers for any of the torts alleged in Jefferson Circuit Court Civil Action No. 03-CI-02296.

5

Signed on  July 25, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**