**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-19-C**

**SCOTTSDALE INSURANCE COMPANY,**                                            **PLAINTIFF,**

**V.**           **AMENDED MEMORANDUM OPINION AND ORDER**

**NORMAN FLOWERS, ET AL.,**                                                      **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Kathleen Burke's motion to alter, amend, or reconsider a declaratory judgment (DE 20) and Burke's motion to vacate a declaratory judgment and stay the proceedings (DE 25). The general thrust of the court's prior memorandum opinion and order (DE 18) was correct, but it contained overly broad language, as did the court's prior judgment (DE 19). Therefore, the court will grant the motions to reconsider and to vacate the judgment, and will reissue its memorandum opinion and order in amended form. On its own motion, the court will also reissue its judgment in amended form. The court has enough information to decide both motions at this time; therefore, no response to Burke's motion to vacate is necessary.[1] Accordingly, the court having reviewed the record and being otherwise sufficiently advised,

**IT IS ORDERED** that the defendant's motion to alter, amend, or reconsider the declaratory judgment (DE 20) and the defendant's motion to vacate (DE 25) are

---

[1] Because the court here re-issues its opinion and order and vacates the judgment, the motion to stay proceedings will be denied as moot.

**GRANTED**. The court's previous memorandum opinion and order (DE 18) is **VACATED** and **REISSUED** in amended form as follows.

* * * * * * * * * *

This is a motion for declaratory judgment on the narrow issue of the plaintiff-insurer's obligations under the terms of an insurance policy. The court, having been duly advised, will grant the motion.[2]

**Facts:**

In October 2001, Katherine Burke sought treatment for mental-health issues at the Morton Center in Louisville. There, she was referred to Norman Flowers, a therapist employed by the Morton Center. Burke had two sessions with Flowers in October; two additional sessions in March 2002; and a session in July 2002. Several days after this last session, Burke and Flowers began a sexual relationship, which lasted from July through August 2002. This affair kindled the matter currently before this court.

Burke sued both Flowers and the Morton Center in Jefferson Circuit Court alleging, among other things, that Flowers abused his position as a therapist. Scottsdale Insurance Company ("Scottsdale"), the plaintiff in the action before the court, provides the Morton Center with professional liability insurance. Employees of the Morton Center are insured under the terms of the policy, "but only for acts within the scope of their employment by [the Morton Center]." Scottsdale argues

---

[2] Defendant Flowers has not responded to the motion for declaratory judgment.

that it is not obligated to extend coverage to Flowers because he was not acting within the scope of this employment when he engaged in a sexual affair with Burke.

Accordingly, Scottsdale has filed this action to clarify its obligations under the policy.  Scottsdale has narrowly drawn the precise issue in its memorandum in support of its motion for declaratory judgment as "whether a therapist who engages in a sexual affair with a client is acting within the scope of his employment for purposes of determining insurance coverage." (DE 12 at 1.)  Scottsdale concedes that "[t]his declaratory judgment action was not brought for the purpose of determining the question of Flowers' liability to Burke" because "[t]hat is a question to be determined in the state court action." (DE 17 at 1-2.)  Similarly, Scottsdale concedes that the scope of this declaratory judgment also does not "involve determining issues of coverage related to The Morton Center." *Id.* at 2.

**Jurisdiction:**

According to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Whether a district court exercises jurisdiction under this statute, however, is within its discretion.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (stating that the Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants").  The court uses five factors to determine whether it should

exercise jurisdiction over a request for declaratory judgment. *See, e.g.*, *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 812-13 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000), and setting forth the five factors); *see also Nationwide Mut. Fire Ins. Co. v. Creech*, 431 F. Supp. 2d 710, (E.D. Ky.. 2006) (applying the five factors and ruling that "[o]n balance, these factors weigh in favor of exercising jurisdiction").

One of these five factors requires the court to determine "[w]hether the use of a declaratory action would increase friction between federal and state courts and improperly encroach on state jurisdiction." *Bituminous Casualty*, 373 F.3d at 814. The court considers three additional questions to determine whether a declaratory judgment would improperly encroach upon state jurisdiction. First, the court asks "whether the underlying factual issues are important to an informed resolution of the case;" second, the court asks "whether the state trial court is in a better position to evaluate those factual issues than is the federal court;" and third, the court asks "whether there is a close nexus between the underlying factual and legal issues and state law" or state public policy. *Id.* at 814-15. In *Bituminous Casualty*, all three factors indicated that the exercise of federal jurisdiction could create friction with state courts and encroach upon state public policy; however, these concerns are not present in this case. Unlike *Bituminous Casualty*, the court's order does not require a ruling on a previously undetermined question of state law; rather, the court's order is based on well-settled principles of Kentucky law drawn from similar cases. *See,*

4

*e.g.*, *Osborne v. Payne*, 31 S.W.3d 911 (Ky. 2000) (drawing a distinction between the normal scope of a therapist's employment and a sexual affair). Therefore, the court's order does not improperly encroach on state jurisdiction or create friction between state and federal courts.

In addition, the court's order clearly satisfies the remaining four factors set forth in *Bituminous Casualty*. First, the court's order serves "a useful purpose in clarifying the legal relations at issue" between Scottsdale and Flowers in Burke's suit. *Bituminous Casualty*, 373 F.3d at 813. Next, the court's declaratory judgment settles the controversy about the extent of Scottsdale's coverage for Flowers's sexual affair with Burke. *See id*. Next, the case does not present the appearance of "a race for res judicata." *Id*. at 814. Last, the declaratory judgment is no less effective than any potential alternative remedy. *See id*. Therefore, on balance, the five factors set forth in *Bituminous Casualty* weigh in favor of the court's exercise of jurisdiction, and the court's exercise of jurisdiction to decide Scottsdale's obligations is appropriate.

**Analysis:**

The interpretation of an insurance policy is a question of law. *K.M.R. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. App. 2005). The contract must be enforced as written, with clear and unambiguous terms given their ordinary meaning. *Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 772 (Ky. App. 2003). Accordingly, to determine whether Scottsdale has a duty to extend

coverage to Flowers, the court must examine whether Flowers was acting within the scope of his employment when he had a sexual affair with Burke. An act is within the scope of employment when the employee is motivated – at least in part – by the desire to advance his employer's interests. *Osborne*, 31 S.W.3d at 915; *see also Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005)*; Am. Gen. Life & Accident Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002). However, when the employee is driven by purely personal motives, those acts are outside of the scope of employment. *Id.* The teachings of *Osborne* are particularly useful in analyzing this case.

In *Osborne*, a couple turned to a priest for marriage counseling. However, instead of providing the appropriate counseling, the priest began an affair with the wife. After learning of the affair, the husband sued the diocese, alleging that the diocese was liable for the conduct of its priest under the doctrine of *respondeat superior*.[3] As with this case, the *Osborne* court recognized that the critical question was "whether the employee . . . was acting within the scope of this employment at the time of his tortious act." 31 S.W.3d at 915. Holding that the husband could not recover under the doctrine of *respondeat superior*, the court drew a distinction between the counseling – an act within the scope of his employment – and the

---

[3] The doctrine of *respondeat superior* imputes liability to an employer for the torts of an employee under certain circumstances. Before recovering under this theory, the plaintiff must prove that the employee was acting within the scope of his employment. *E.g., Osborne*, 31 S.W.3d at 915.

affair.[4] *See id.* ("It is beyond question that [the priest] was not advancing any cause of the diocese or engaging in behavior appropriate to the normal scope of his employment.") At least one other Kentucky court has invoked *Osborne* to hold that the satisfaction of one's "own sexual proclivities" is not within the scope of employment. *Hall*, 74 S.W.3d at 692.

Burke argues that the issue before this court is not whether Flowers acted outside the scope of his employment, but whether he or the Morton Center breached a duty of care. Accordingly, she cites a battery of cases from other states to argue 1) that a therapist who participates in a sexual relationship with his patient is a tortfeasor; and 2) that an insurer may be liable for this tort under the terms of its insurance policy. Scottsdale does not deny that Flowers may be liable to Burke if, as alleged, he participated in an inappropriate relationship with her. Nor has Scottsdale asked this court to declare its obligations to the Morton Center. Rather, Scottsdale argues that it has no obligation to provide coverage to Flowers for his sexual affair with Burke under the specific terms of its contract with the Morton Center.

The court agrees that, under certain circumstances, an insurer may have an obligation to extend coverage under a policy of insurance where a therapist has an improper sexual relationship with a patient. However, both the obligation to extend

---

[4] Following this distinction set forth in *Osborne*, the court need not decide what acts constituted the sexual affair, but only whether that affair was within the scope of Flowers's employment.

7

coverage and the scope of the coverage are dictated by the terms of the insurance contract. *Cf. L.L. v. Med. Protective Co.*, 362 N.W.2d 174, 176 (Wis. 1984) (finding an obligation to extend coverage where policy covered "professional services rendered or which should have been rendered").  In this case, the terms of the contract do not obligate Scottsdale to extend coverage to employees who act outside of the scope of their employment.  Additionally, in Kentucky, participation in an affair is outside the scope of employment as a matter of law. *Osborne*, 31 S.W.3d at 915. *See also Hall*, 74 S.W.3d at 692.  Therefore, Scottsdale does not have an obligation to extend coverage to Flowers for his sexual affair with Burke, because that affair was outside the scope of his employment with the Morton Center.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a declaratory judgment (DE 12) is **GRANTED**.  The plaintiff, Scottsdale Insurance Company, has no duty to extend coverage to Norman Flowers for his sexual affair with Kathleen Burke.

**IT IS FURTHER ORDERED** that the defendant's motion to stay the proceedings (DE 25) is **DENIED AS MOOT**.

Signed on  October 3, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**